THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MELVIN L. SEALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14cv1117-MHT-WC |
| | ) | |
| TAMARA A. STIDHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on Defendants' Motion To Dismiss Or, In The Alternative, Consolidate With Prior-Filed Case (Doc. 2), Plaintiff's Response (Doc. 18) to the motion, Plaintiff's Motion for Default Judgment (Doc. 22), Defendants' Motion (Doc. 23) to strike the motion for default judgment, and Plaintiff's "REQUEST FOR STAY OF THE PROCEEDING" (Doc. 25). The District Judge referred this case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Order (Doc. 4). After a review of the parties' filings and supporting evidentiary materials, and for the reasons that follow, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Doc. 2) be GRANTED and that this case be DISMISSED, and that all other pending motions be denied.

## I.      BACKGROUND

Plaintiff, proceeding *pro se*, filed the complaint in this matter on October 28, 2014.  The instant complaint succeeded Plaintiff's filing of a separate complaint against the same defendants, and concerning the same subject matter, in the Circuit of Crenshaw County, Alabama, which was removed to this court by Defendants.  *See Sealey v. Stidham, et al.,* Civ. Case No. 2:14-cv-1036-MHT-WC (Not. Rem. filed Oct. 7, 2014).  Although the instant complaint plainly concerns the same subject matter as Plaintiff's prior state court complaint, it purports to allege several causes of action not expressly pleaded in the prior complaint.  The undersigned Magistrate Judge has thoroughly recounted the factual allegations of Plaintiff's prior-filed complaint and has separately recommended that Defendants' motion to dismiss that complaint be granted and that the complaint be dismissed for Plaintiff's failure to state a claim upon which relief could be granted.  *See* Rec. (Doc. 30), *Sealey v. Stidham, et al.,* Civ. Case No. 2:14-cv-1036-MHT-WC (filed July 30, 2015).  Given the inherent similarities between the instant complaint and Plaintiff's prior-filed complaint, the court need not recapitulate the entirety of Plaintiff's allegations against Defendants in order to resolve the motion to dismiss.  Nevertheless, because Plaintiff is proceeding *pro se*, the undersigned will endeavor to review the essential allegations of Plaintiff's complaint and, in particular, address any distinct allegations of fact or causes of action unique to the instant complaint.

As with Plaintiff's prior-filed state court complaint, Plaintiff's allegations in the instant complaint are largely confusing and conclusory in nature.  However, as explained

at length in the undersigned's Recommendation in Plaintiff's prior-filed case, it remains clear that the complaint concerns a foreclosure on property that Plaintiff previously owned in Alabama, and that Plaintiff believes the foreclosure was without proper authority.  The bulk of the allegations in the instant complaint, as with the prior-filed complaint, appear to describe the various correspondences between Plaintiff and Defendants during Plaintiff's prolonged dispute with Branch Banking and Trust ("BB&T"), the entity which the Federal Deposit Insurance Corporation assigned as successor of the rights of Colonial Bank after it was declared insolvent in 2009.  *See* Complaint (Doc. 1) at ¶¶ 1-11.    Plaintiff initially frames his dispute with Defendants as follows:

> Now comes the Melvin Sealey (Hereinafter Petitioner) to redress his grievances accord to the 1st Amendment of the U.S. Constitution.  The Petitioner resides at [sic] in the County of Crenshaw in the State of Alabama.  Defendants are four (4) agents employed by a corporation upon information and belief are doing business in the County of Crenshaw, State of Alabama.  Petitioner never received a document from Colonial Bank of a default regarding the loan in question dated April 4, 2004 from Colonial Bank Account #8040535398.  On or about November 19, 2009 Petitioner received a loan package from BB&T over night via Fed Ex # 420568883479, the documentation contained a NOTICE REGARDING LOANS CLOSED IN THE NAME OF COLONIAL BANK ON OR AFTER AUGUST 17, 2009.  In which BB&T agreed to assume certain liabilities of the failed institution.  Paragraph five (5) states that Borrowers with existing loans would receive a separate notice from BB&T confirming a BB&T'S acquisition of the loan etc.  At all times relevant to this assumption Petitioner never signed a contract with BB&T.  Yet, BB&T did send a loan package via of FED EX # 420568883479, in an attempt to induce Petitioner into a forcible loan contract.  This new contract was for a new loan with BB&T, being confused Petitioner did not sign the documents.  The new contract had the same Loan # 8040535398 as Colonial Bank's Account Number.  This is the same number [Defendant] Miller stated BB&T no longer uses for accounting purposes.   And at the

> same time replacing and foreclosing on Petitioner's property with loan number 9641482436-1. In which any person of sound mind would not sign for an additional loan contract for the same property. At all times relevant Petitioner did not have a forcible contract with BB&T.

Compl. (Doc. 1) at 2-3.

In support of this narrative overview of the nature of his dispute with Defendants, Plaintiff makes several specific allegations about the content of communications he received from Defendants over the years prior to his filing of the complaint. Plaintiff alleges that in November of 2009 he received a "Loan Package" from representatives of BB&T in Luverne, Alabama. Compl. (Doc. 1) ¶ 1. He next alleges that on September 14, 2010, he received a letter demanding payment on a loan from Defendant Richard Wright. *Id.* at ¶ 2. Then, on July 29, 2011, Defendant Wright "sent notice demanding money or the sale of Petitioner property[.]" *Id.* at ¶ 3. Next, Plaintiff alleges that he "filed Bankruptcy to stop foreclosure," and that, in that proceeding, Defendant Miller "submitted a copy of the Mortgage with no loan numbers into court record." *Id.* at ¶ 4. Then, on June 5, 2013, Defendant Miller "sent notice by way of Certified mail Return Receipt to Petitioner demanding money, or the sale of Petitioner property[.]" *Id.* at ¶ 5. On June 26, 2013, Defendant Miller "sent notice via of Certified mail Return Receipt. Petitioner also received a copy of the Mortgage with the fraudulent Hand written loan numbers[.]" *Id.* at ¶ 6.

Plaintiff next alleges that in August of 2013, Defendant Miller filed a complaint against him in the Circuit Court of Crenshaw County, in which Miller committed "fraud on the court" by submitting into evidence a copy of the mortgage bearing "fraudulent

4

hand written loan numbers." *Id.* at ¶ 7. He alleges that BB&T's and its agents' use of the loan number created in 2004 with Colonial Bank when BB&T began trying to collect from him in 2009 was "another attempt to '*induce*'" Petitioner into a forcible loan contract." *Id.* at ¶ 8 (emphasis in original). Plaintiff alleges that he queried Defendants how a loan number created by BB&T in 2009 "appear on a Mortgage recorded by Colonial Bank in April of 2004?" *Id.* at ¶ 9. Plaintiff further alleges that Defendant Miller provided him with an explanation for why the two loan numbers are different in July of 2013, and offered to provide him with an affidavit explaining any perceived discrepancy. *Id.* at ¶ 10. Finally, Plaintiff alleges that Defendant Miller committed fraud upon the state court in Crenshaw County, Alabama, when he filed the "fraudulent document (Mortgage)" in a case pending in that court. *Id.* at ¶ 11.[1]

---

[1] For what it is worth, and as set out in the undersigned's Recommendation in Plaintiff's prior case, Defendants offer a decidedly clearer and more succinct overview of the parties' dispute:

> Mr. Sealey does not appear to understand that BB&T was, in 2009, offering to *renew* his Colonial Bank loan, which had matured and was then due and payable in full. Mr. Sealey declined to renew his Colonial Bank loan with BB&T, leaving it immediately due and payable. Mr. Sealey appears to believe that BB&T was required to get his signature in order for BB&T to enforce its rights as successor in interest to the FDIC as Receiver for the failed Colonial Bank. BB&T, as the holder of that debt, was under no such obligation.

> Mr. Sealey also appears to believe that BB&T's foreclosure was based on the renewal loan, *i.e.*, the documents he elected not to sign. It was not; it was the pre-existing, Colonial Bank debt that was the basis of the subject foreclosure. BB&T's succession to the rights of Mr. Sealey's loan and mortgage with Colonial Bank is supported by record evidence, as attached to and argued in the Brief in Support of Motion to Dismiss, doc. 3 in case no. 2:14-cv-1036-MHT-WC.

Defs.' Br. (Doc. 10) at 2.

Beyond these discrete and relatively specific factual allegations, the complaint devolves into a confusing blend of conclusory assertions and legal conclusions, as well as irrelevant charges of criminal violations and demands for remedies under the Uniform Commercial Code, the thrust of all of which appears to be that Plaintiff believes that Defendants have perpetrated some fraudulent scheme against him.  For example, Plaintiff states as follows:

> Upon an astute observation of the procedure to purchase the property there was fraud in the factum. At all times relevant to this matter, Petitioner was not aware of being induced into Signing the promissory note. Petitioner was not aware of the lender obtaining the promissory note, and the profit thru the mortgage back security scheme of Defendant. An unknown monetary amount was acquired by Defendants obtaining a blue ink signature on the promissory note. At no time was Petitioner given a reasonable opportunity to learn Of its fraudulent character, or essential terms. An intentional perversion of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. Which is a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury.
> . . .
> Upon the looks of things Petitioner thought that he had obtained a loan for the property. When in fact the Pirates actually created funds obtained by Petitioner signature on the promissory note. An astute observation of the procedure to file a lien on the subject property, is a cognizable fact. The property was in Petitioner's name first before the lien was put on the title. Upon an observation of Black's Law 5th Edition page 844, a loan is a sum of money upon agreement. At no time of the transaction to purchase the property was there an exchange of any sum of money to Petitioner. At the time of the transaction, there was fraud in the inducement in connection with the underlying transaction and not with the nature of the contract or document Signed. Defendant gave Petitioner a doctrine of unclean hands.

Compl. (Doc. 1) at 4-5, 7.

In sum, Plaintiff believes that Defendants have perpetrated a fraudulent scheme in an attempt to deprive him of his personal property, and that Defendants have committed fraud upon the state court in Alabama in order to succeed with their scheme.[2]

---

[2]   Although the complaint does not describe with resounding clarity the object—that is, the thing to be gained—of the fraudulent scheme purportedly executed by Defendants, Plaintiff's subsequent "MEMORANDUM IN SUPPORT OF A DEFAULT JUDGMENT" appears to make it clear: Plaintiff believes that his mortgage debt was satisfied by "bailout" funds received by BB&T and, accordingly, BB&T and/or Defendants are attempting to convert his property to their possession through fraud in order to, in effect, collect double payment on the original mortgage.  He explains as follows:

> Defendants the alleged "Bank" did receive "bail out" and/or "TARP" funds from the government and/or private quasi-government institutions, F.DI.C. that did in fact 'pay-off' some or all of Defendant's "mortgages" and/or alleged assume "Debts" or other financial deals.

> It is incumbent on Defendants and the alleged "Bank" BB&T, to prove the mortgage in question WAS NOT paid-off and/or Petitioner was enumerated directly and/or indirectly for the mortgage in question by and through digital information created by the defendants

> In fact, absent prima facie evidence controverting Petitioner's claim that the alleged "Bank" BB&T and Defendants knowingly were reimbursed in some way by some entity for the mortgage in question, Defendants and the alleged "Bank" BB&T are agreeing that said mortgage *is* paid in full, (the Note) loan number 9641482436-1, closed to posting on June 26, 2013.

> Defendants MUST therefore present for inspection to the Petitioner a complete list with accounting of ALL funds received correlated to ALL mortgages paid and not paid regarding the wrongful foreclosure attempt on the property and/or mortgage in question. . . .

> Defendant's and the alleged "Bank" BB&T failure to produce for inspection said accounting documents is Defendant's and alleged "Bank" agreement that the mortgage in question is paid in full. There is no law dictating who is required to pay for a mortgage for it to be considered paid in full.

> In fact, Petitioner believes the mortgage was and is paid in full and Plaintiff is attempting to fraudulently convert real property through a conspiracy involving numerous parties unknown to Petitioner.

Pl.'s Mem. (Doc. 24) at 6-7.

## II.    PLAINTIFF'S CLAIMS

From the above pool of allegations, argument, and conclusions, Plaintiff purports to assert numerous claims.  In the "COUNTS AND CHARGES" section of his complaint he lists the following: "(1) Violation of 42 U.S.C. § 1983, (2) Violation of 42 U.S.C. §1983 and 1985(3): conspiracy, (3) Violation of 42 U.S.C. § 1986: refusing or neglecting to prevent[,] (4) Malicious abuse of process, (5) Title 18 Conspiracy 241 & 242[,] (5) Intentional infliction of emotional distress, (6) Mail Fraud[, and] (7) Fraud."  Compl. (Doc. 1) at 9.

## III.    DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss Plaintiff's Complaint, arguing, *inter alia*, that, as with his prior-filed complaint, and for the reasons described in their motion to dismiss that complaint, Plaintiff has failed to sufficiently plead any cause of action against any of the individual defendants named in the Complaint and has otherwise failed to state any claim upon which relief could be granted.  Defs.' Br. (Doc. 10) at 2-3.

## IV.    DISCUSSION

As noted above, Defendants move to dismiss Plaintiff's complaint for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 8 of the Rules requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

8

me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.   *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").   In order to survive Defendants' motion to dismiss, then, Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).   "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.   Factual allegations that are 'merely consistent with' a defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In addition to the foregoing, to the extent Plaintiff is alleging that Defendants have committed some form of fraud, *see, e.g.*, Compl. (Doc. 1) at 15-16 ("Upon an astute observation of the foreclosure Defendants did the procedure in a fraudulent manner. Upon an astute observation of the procedure to purchase the property there was fraud in the factum."), his allegations are subject to the pleading standards of Federal Rule of Civil Procedure 9(b).   *See United States ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1309-10 (11th Cir. 2002).

> That rule provides that "[i]n allegations of fraud or mistake, a party must
> state with particularity the circumstances constituting fraud or mistake" but

that "[m]alice, intent, knowledge, and other condition of mind of a person shall be averred generally." FED. R. CIV. P. 9(b).  Rule 9(b) is satisfied if the plaintiff pleads "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1371 (11th Cir.1997)).

*United States ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 793 (11th Cir. 2014) (unpublished decision).

Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Accordingly, Defendant's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive Defendants' motion to dismiss.  As set out below, the undersigned concludes that the complaint fails to withstand such scrutiny.

Although Plaintiff's complaint provides some detail about certain correspondences received by Plaintiff in relation to BB&T's efforts to collect on a mortgage debt, the complaint wholly fails to state a claim upon which relief could be granted as to any of the defendants sued by Plaintiff because it contains nothing more than conclusory and

unadorned allegations that the Defendants' conduct was unlawful and, moreover, seeks to hold Defendants accountable for their actions under provisions of law which may not be applied against them.  In other words, even liberally construed, Plaintiff's allegations fail to permit any reasonable inference that any of the Defendants' alleged conduct was unlawful under the theories articulated by Plaintiff.

Plaintiff first asserts that Defendants committed a "violation of 42 U.S.C. 1983." Of course, one does not "violate" § 1983.  Rather, § 1983 is the statute providing a person with a civil cause of action for the alleged deprivation of rights secured to them by the Constitution or federal laws.   Notwithstanding Plaintiff's misapprehension of the meaning of § 1983, the deprivation about which he appears to be complaining in his § 1983 claim is that he "was denied the rights to his property caused by fraudulent procedures by Defendants."   Compl. (Doc. 1) at 10.   Plaintiff also alleges that "Defendants conspired for the purpose of impeding and hindering the due course of justice, with the intent to deny Petitioner equal protection of laws."  *Id.*

Plaintiff has failed to state any viable claim upon which relief could be granted under § 1983 because, among other deficiencies, Plaintiff has not plausibly alleged that any deprivation about which he complains was the product of state action or caused by state actors.  All Defendants named by Plaintiff are private individuals employed by, or representing in some capacity, BB&T, a private bank.  "Section 1983 provides a cause of action for deprivations of federal constitutional rights by state actors acting under color of law."  *Wusiya v. City of Miami Beach*, __ F. App'x __, 2015 WL 3484326, *2 (11th Cir.

11

June 3, 2015) (unpublished decision).  Private parties generally are not "state actors" subject to § 1983.  *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  Thus, neither BB&T, nor any of the named individual defendants, are state actors within the meaning of § 1983.  *See, e.g., Douglas v. Doe*, 73 F. App'x 79 (5th Cir. 2003) (unpublished decision) (finding plaintiff failed to state a claim under § 1983 because "employees or officials of Bank of America" "are not state actors").  Furthermore, the complaint does not include any allegations indicating that the named individual defendants acted in concert with any state officials in order to render them subject to liability under § 1983.  *See Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990).[3]

Plaintiff also has failed to state any claim upon which relief could be granted for a violation of 42 U.S.C. § 1985.  Plaintiff's claim for a violation of §1985 is as follows:

> At all times relevant, the conduct of all Defendant's was subject to U.S.C. § 1983 and 1985. Defendants have constantly obstructed justice according to law. Defendants conspired to take Petitioners property. This scheme was devised by an alteration of the loan.

---

[3]  There is no doubt that Plaintiff's complaint labors under his mistaken belief that the named Defendants are state actors acting under the color of state law.  He asserts in his complaint as follows:

> State Officials and Police Officers take an Oath of Office to uphold the U.S. Constitution. Thereby definition federal, government, and State Officials, are to obey the U.S. Constitution and statutes.  To say otherwise, would leave out Defendants as having no responsibility to the Constitution and having no access to a Court for redress of grievances to hear violations of Plaintiff's Constitutional rights.  Petitioner has a right to expect that government and court officials would do their duty to protect me and my property.  Instead, the Defendant's engaged in conduct that was arbitrary, or conscience shocking, in a constitutional sense.
> . . .  State Official lacked jurisdiction to have a sale.

Compl. (Doc. 1) at 17 (citations omitted).  However, Plaintiff cites to no relevant authority for his premise that Defendants, the agents and employees of a private bank, are state officials or state actors within the reach of § 1983.

(2) Obstructing justice; intimidating party, witness, or juror clearly justice was obstructed through conspiracy. Misleading the Plaintiff to believe that a valid sale was obtained and granted.

(3) Plaintiff was deprived of rights and privileges.  Giving Plaintiff an action for the recovery of damages occasioned by such injury or deprivation, any one or more of the conspirators.  Defendants are guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he: (a) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or  solicitation          to commit such crime; or (b) agrees to aid such other person or persons in   the planning or commission of such crime or of an attempt or solicitation to commit such crime **Model Penal Code, § 5.03.** Crime of conspiracy is distinct from the crime contemplated by the conspiracy (target *crime*), *Cofli. v. Dyer 243   Mass. 472, 509, 138 N.E. 296, 314* Members need not know all the details of the  plan or the operations; he must, however, know the purpose of the conspiracy and agree to become a patty to a plan to effectuate that *purpose. **Craig v. U.S., c.CA.C'aL, 81 F.2d 816, 822.***

Compl. (Doc. 1) at 10-11.  Apart from, at best, offering the precise sort of conclusory and unadorned allegations insufficient to state a plausible claim for relief, Plaintiff has not even pled a "formulaic recitation of the elements" under either of the two prongs of § 1985 to which he alludes in his complaint.  First, Plaintiff's mere allegation that Defendants misled him to "believe that a valid sale was obtained and granted" does not suffice to allege a claim that Defendants obstructed justice or intimidated any party, witness, or juror in a judicial proceeding, in violation of § 1985(2).  No plausible allegation in the complaint supports any purported violation of § 1985(2).

Nor has Plaintiff adequately stated a claim for a § 1985(3) conspiracy to deprive a person of his rights or privileges protected by the Constitution.

The elements of a cause of action under § 1985(3) are: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges

and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Lucero v. Operation Rescue*, 954 F.2d 624, 627 (11th Cir.1992). The second element "requires a showing of some 'racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* at 628 (quoting *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 829 (1983)); *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) (holding that whatever the precise meaning of "class" may be, it "unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors.").

*Childree v. UAP/GA CHEM, Inc.*, 92 F.3d 1140, 1146-47 (11th Cir. 1996). Apart from the fact that the complaint includes no plausible allegations of a conspiracy among the Defendants or others for the purposes of violating Plaintiff's rights, the complaint does not allege, or even reasonably permit the inference, that any actions were taken against Plaintiff due to his race or due to some invidious discriminatory animus related to any class to which he might purport to belong. Rather, Plaintiff appears to be predicating his § 1985(3) claim on his conclusory assertion that he "was deprived of [unspecified] rights and privileges" and the Model Penal Code's definition of a criminal conspiracy. Compl. (Doc. 1) at 10-11. Such allegations plainly do not suffice for purposes of § 1985(3).

Plaintiff next alleges that Defendants are liable for a violation of 42 U.S.C. § 1986, which provides a right of action against persons who, knowing that a conspiracy to do things prohibited by § 1985(3) is afoot, "and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so[.]" Because Plaintiff has not plausibly alleged any conspiracy in violation of § 1985(3), he has perforce failed to state a claim for which relief could be granted under § 1986, as there can be no

14

plausible allegation that any Defendant is liable for failing to prevent or aid in preventing a non-existent conspiracy prohibited by § 1985.

In addition to his claims pursuant to §§ 1983, 1985, and 1986, Plaintiff purports to allege causes of action for purported violations of federal criminal statutes.  For example, in "Count 5" of the complaint, he alleges Defendants are liable for a conspiracy against his constitutional rights in violation of "Title 18 241 & 242 Conspiracy."  Compl. (Doc. 1) at 14.  True enough, 18 U.S.C. § 241 codifies the crime "Conspiracy against rights" and provides the punishment applicable for violations of the statute.  Likewise, 18 U.S.C. § 242 criminalizes the willful deprivation of legally-protected rights, on the basis of the victim's "being an alien" or race or color, by persons acting under color of law, and further provides the penalties applicable to violations of the statute.  However, both of these statutes are criminal statutes.  They are, in fact, the criminal counterparts of the civil statutes (§§ 1983, 1985, and 1986) under which Plaintiff separately asserted violations of his rights.  They do not provide a private right of action to a civil plaintiff.  *See In re Estelle*, 516 F.2d 480, 485-86 (5th Cir. 1975);[4] *see also O'Berry v. State Attorneys Office*, 241 F. App'x 654, 657 (11th Cir. 2007) (unpublished decision) (quoting *Estelle*, 516 F.2d at 486) ("Thus, § 1983 'provides for private relief in civil actions from the deprivation of rights secured by the Constitution and its laws,' whereas § 241 and 242 'provide for criminal penalties for the deprivation of such rights.'").

---

[4]  Fifth Circuit decisions issued before October 1, 1981, are binding precedent on this Court.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

In "Count 7" of the complaint, Plaintiff appears to assert a cause of action for "mail fraud" in violation of "18 U.S.C.A. §§ 1341, 1342." Compl. (Doc. 1) at 15. However, there generally is no private right of action implied in the mail fraud statutes. *See Bell v. Heath-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977). *See also Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) ("Neither the mail fraud statute or its legislative history provides for any remedy other than criminal sanctions. Thus, we agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes."). Accordingly, Plaintiff has not stated a claim upon which relief could be granted for any asserted violation by Defendants of the mail fraud statutes cited in the complaint.

In addition to the fact that none of the federal criminal statutes Plaintiff relies upon in his complaint provide him with a private right of action against any of the Defendants, to the extent he is asserting some interest in a criminal prosecution against such Defendants, he still has failed to state a claim upon which relief could be granted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (finding that there is no constitutional right as a member of the public, or as a victim of a specific crime, "to have the defendants criminally prosecuted").

As set forth above, Plaintiff has failed to state any federal cause of action for which any relief could be granted and, as such, all purported claims over which this court might have original jurisdiction are due to be dismissed.   However, in addition to Plaintiff's federal claims, the complaint purports to allege separate state-law claims for "MALISCIOUS [sic] ABUSE OF PROCESS," Compl. (Doc. 1) at 12, "INTENTION[AL] [INFLICTION] OF EMOTIONAL DISTRESS, *id.* at 14-15, and "FRAUD," *id.* at 15-16.   Apart from their blanket argument that Plaintiff has failed to state any claim upon which relief could be granted, in their motion to dismiss Defendants do not specifically address the sufficiency or viability of Plaintiff's state-law claims. While it appears that Plaintiff's state law claims are likely encumbered with some of the same impairments afflicting his federal claims, the undersigned believes that this court should decline to exercise supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(c)(3).    First, as set forth above, the federal claims over which this court does have original jurisdiction are extremely attenuated as pleaded, and, furthermore, no amount of amending the complaint or recasting the existing allegations will convert the named Defendants into state actors or create a private right of action in the federal criminal statutes cited by Plaintiff.  As such, it plainly appears that this action should not have been filed in this court, if anywhere.  Moreover, Defendants themselves give scant effort in their brief in support of their motion to dismiss to demonstrating the specific infirmities of Plaintiff's state-law claims.  Given these circumstances, this court should decline to exercise subject matter jurisdiction over Plaintiff's state-law claims rather than

attempting to further parse the allegations of claims over which this court lacks original jurisdiction.  Indeed, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

Apart from the complaint and motion to dismiss, there are two other matters deserving of attention.  On January 26, 2015, Plaintiff filed a "MOTION FOR DEFAULT JUDGMENT" (Doc. 22).  In a supporting affidavit, he states that the complaint was served on Defendants Stidham and King on November 19, 2014, and Defendants Miller and Wright on November 24, 2014, and that "in the time allowed by law nor has defendant sought additional time to respond, and Default has entered against the Defendants."  Pl.'s Aff. (Doc. 22-1) at ¶ 2.  Defendants filed a motion to strike Plaintiff's motion for entry of default judgment, arguing that they timely filed their motion to dismiss.  Defs.' Mot. (Doc. 23) at 1.  Plaintiff then filed a lengthy "MEMORANDUM IN SUPPORT OF A DEFAULT JUDGMENT" (Doc. 24), in which he asserts that Defendants Miller and Wright "were due to answer Plaintiff/Petitioner's Complaint herein by 12/15/2014 and once again defendants chose to remain silent individually and collectively[.]"  Pl.'s Mem. (Doc. 24) at 2.  Plaintiff then appears to discuss, *inter alia*, the definition and elements of an enforceable contract, defenses to enforcement of contracts, and presents his theory that his mortgage was satisfied by Colonial Bank's purported receipt of "bail out" funds.  *Id.* at 3-8.

The record reflects that Plaintiff's complaint was filed on October 28, 2014, *see* Compl. (Doc. 1), and that all Defendants moved to dismiss the complaint on November 19, 2014, *see* Defs.' Mot. Dis. (Doc. 9).   The record further reflects that, as acknowledged by Plaintiff in his "Affidavit," all Defendants were not even properly served with the complaint until *after* they had filed their motion to dismiss.  *See* Not. Of Return Rec. (Docs. 12, 13, & 17).   No Defendant was required to answer or otherwise respond to Plaintiff's complaint before December 10, 2014.   Plaintiff either misunderstands that Defendants may file a motion pursuant to Rule 12(b) in lieu of an answer or he misunderstands when his complaint was served on Defendants and an answer or other responsive pleading was actually due.   In either respect, his motion for entry of default judgment is frivolous and is due to be denied.

The final matter to be addressed is Plaintiff's "REQUEST FOR STAY OF THE PROCEEDING PURSUANT TO F.R.C.P. 62(f)" (Doc. 25).   In this document, Plaintiff appears to request a "Stay of the Proceeding in this case #: 2:14-cv-1117-MHT-WC, should be granted pending the resolution and/or settlement of the case # 2:14-cv-1036," the prior-filed complaint for which the undersigned Magistrate Judge has separately recommended dismissal pursuant to Rule 12(b)(6).  Pl.'s Req. (Doc. 25) at 3.  Of course, at the time of the filing of the motion, as well as at the time of this Recommendation, no judgment in the prior-filed case has been entered which even could be subject to a request for stay.  Apart from that incongruity, even interpreting Plaintiff's motion as a request to stay the court's consideration of the motion to dismiss in the instant case pending the

court's resolution of the motion to dismiss in the prior-filed case, Plaintiff still has failed to state any cogent reason why the instant case should be stayed.  Nothing in Rule 62 of the Federal Rules of Civil Procedure supports such a stay.  The only specific provision of the Rule alluded to by Plaintiff, Rule 62(f), concerns a "Stay in Favor of a Judgment Debtor Under State Law."  The Rule plainly does not apply to Plaintiff and is irrelevant to the two cases currently pending before the court.  There is no basis to grant any stay of the instant proceeding.  Plaintiff's motion is due to be denied.

## IV.   CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS  as follows:

a.      that Defendants' Motion to Dismiss (Doc. 9) be GRANTED and that this case be DISMISSED, as to Plaintiff's federal claims, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), due to Plaintiff's failure to state any claim for which relief could be granted;

b.      that Plaintiff's remaining state-law claims be DISMISSED without prejudice, pursuant to 28 U.S.C. § 1367(c)(3), as the court should decline to exercise jurisdiction over such claims;

c.      that Plaintiff's "MOTION FOR DEFAULT JUDGMENT" (Doc. 22) be DENIED;

d.      that Defendants' Motion to Strike Plaintiff's Motion for Default Judgment (Doc. 23) be DENIED as moot; and

e.     that Plaintiff's "REQUEST FOR STAY OF THE PROCEEDING PURSUANT TO F.R.C.P. 62(F)" be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 14, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 31st day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE